FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 0 9 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE ANTONIO CARRASCO,

    Defendant.

No. CV-05-0158 LH/LCS
CR-98-652 LH

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Relief From Void Sentence Pursuant to Rule 60(b) (4) (5) & (6) (CV Doc. 1; CR Doc. 396). Defendant alleges he is actually innocent of certain conduct that the Court used in enhancing his sentence. As a result, he claims that under *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), his sentence is void.

The relief Defendant seeks, if available, must be pursued under 28 U.S.C. § 2255. His claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws . . . , or . . . the court was without jurisdiction to impose such sentence." § 2255. The Court finds that Defendant's petition should be considered as made under § 2255, notwithstanding its designation under Fed. R. Civ. P. 60, because of the nature of the relief sought.

Defendant has previously challenged his sentence in a § 2255 motion. *See United States v. Carrasco*, No. CV-00-0995 LH/WWD (D.N.M.). Because of the prior motion, the Court is not required to notify Defendant of the proposed recharacterization of this motion under § 2255. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) ("failure to notify Appellant of the

recharacterization was harmless"); *United States v. Apodaca*, No. 03-8017, 2004 WL 179493, at *1, n.5 (10th Cir. Jan. 30, 2004) ("concern [about petitioner's consent] is not triggered when the petitioner has previously filed a § 2255 motion") (citing *United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002)). According to § 2255, before a defendant may file or prosecute a second or successive motion, an order authorizing the filing must be issued by the appropriate court of appeals. The instant § 2255 motion is not Defendant's first and is not accompanied by an authorizing order. This proceeding will be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

IT IS THEREFORE ORDERED that Defendant's Motion for Relief From Void Sentence Pursuant to Rule 60(b) (4) (5) & (6) (CV Doc. 1; CR Doc. 396) is RECHARACTERIZED and construed as a motion under 28 U.S.C. § 2255;

IT IS FURTHER ORDERED that the Clerk is directed to transfer this proceeding to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

_____
UNITED STATES DISTRICT JUDGE
For Judge Hanson